SHERRY B. SHAVIT, ESQ.; STATE BAR NO.: 193222
E-mail: sshavit@tharpe-howell.com
RICHARD C. MOORE, ESQ.; STATE BAR NO.: 111840
E-mail: nskennedy@tharpe-howell.com
**THARPE & HOWELL, LLP**
15250 Ventura Blvd., Ninth Floor
Sherman Oaks, CA 91403
Tel: (818) 205-9955
Fax: (818) 205-9944

Attorneys for Defendant,
ADP, LLC, doing business in California as A D
Processing, LLC (erroneously sued as "Automatic Data
Processing, Inc.")

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUSAN LAWS,<br><br>Plaintiff,<br><br>v.<br><br>AUTOMATIC DATA PROCESSING, INC., a Delaware Corporation; and DOES 1 through 10, Inclusive,<br><br>Defendants. | Case No. 2:19-cv-03158-SVW(KSx)<br><br>**STIPULATION AND PROPOSED PROTECTIVE ORDER** |

1.   <u>PURPOSES AND LIMITATIONS</u>

Discovery in this action is likely to involve production of confidential, proprietary or private information for which special protection from public disclosure and from use for any purpose other than pursuing this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited

- 1 -

1  information or items that are entitled to confidential treatment under the applicable

2  legal principles.

3      2.   <u>GOOD CAUSE STATEMENT</u>

4         This action is likely to involve proprietary information, personnel information,

5  processes, objectives, strategies, plans, advertising, methodologies, procedures,

6  operations, type of work, products, services, sakes, purchases, transfers, identification

7  of customers, customer information, bank and payroll related agreements, policies,

8  marketing plans, vendor information, profit margins, product quantities and costs

9  amount or source of income, costs, profits, losses, financial information, business

10 forecasts, or expenditures of any person, firm, partnership, corporation, or other

11 organization or organizational structure, for which special protection from public

12 disclosure and from use for any purpose other than prosecution of this action is

13 warranted. Such confidential and proprietary materials and information consist of,

14 among other things, the personnel records of current and former employees or

15 applicants of Defendant, Defendant's current and former employees, or non-parties

16 acquired by or otherwise associated with Defendant; any sensitive or private personal

17 information, such as social security numbers, driver's license numbers, home or

18 business phone numbers for any individual, financial or tax information, and medical

19 information. Accordingly, to expedite the flow of information, to facilitate the prompt

20 resolution of disputes over confidentiality of discovery materials, to adequately protect

21 information the parties are entitled to keep confidential, to ensure that the parties are

22 permitted reasonably necessary uses of such material in preparation for and in the

23 conduct of trial, to address their handling at the end of the litigation, and serve the ends

24 of justice, a protective order for such information is justified in this matter. It is the

25 intent of the parties that information will not be designated as confidential for tactical

26 reasons and that nothing be so designated without a good faith belief that it has been

27 maintained in a confidential, non-public manner, and there is good cause why it should

28 not be part of the public record of this case.

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

### 3. ACKNOWLEDGMENT OF UNDER SEAL FILING PROCEDURE

The parties further acknowledge, as set forth in Section 14.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Local Civil Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal. There is a strong presumption that the public has a right of access to judicial proceedings and records in civil cases. In connection with non-dispositive motions, good cause must be shown to support a filing under seal. See Kamakana v. City and County of Honolulu, 447 F.3d 1172, 1176 (9th Cir. 2006), Phillips v. Gen. Motors Corp., 307 F.3d 1206, 1210-11 (9th Cir. 2002), Makar-Welbon v. Sony Electrics, Inc., 187 F.R.D. 576, 577 (E.D. Wis. 1999) (even stipulated protective orders require good cause showing), and a specific showing of good cause or compelling reasons with proper evidentiary support and legal justification, must be made with respect to Protected Material that a party seeks to file under seal. The parties' mere designation of Disclosure or Discovery Material as CONFIDENTIAL does not—without the submission of competent evidence by declaration, establishing that the material sought to be filed under seal qualifies as confidential, privileged, or otherwise protectable—constitute good cause.

Further, if a party requests sealing related to a dispositive motion or trial, then compelling reasons, not only good cause, for the sealing must be shown, and the relief sought shall be narrowly tailored to serve the specific interest to be protected. See Pintos v. Pacific Creditors Ass'n., 605 F.3d 665, 677-79 (9th Cir. 2010). For each item or type of information, document, or thing sought to be filed or introduced under seal, the party seeking protection must articulate compelling reasons, supported by specific facts and legal justification, for the requested sealing order. Again, competent evidence supporting the application to file documents under seal must be provided by declaration.

Any document that is not confidential, privileged, or otherwise protectable in its entirety will not be filed under seal if the confidential portions can be redacted. If documents can be redacted, then a redacted version for public viewing, omitting only the confidential, privileged, or otherwise protectable portions of the document, shall be filed. Any application that seeks to file documents under seal in their entirety should include an explanation of why redaction is not feasible.

4.    DEFINITIONS

4.1    Action: *SUSAN LAWS v. AUTOMATIC DATA PROCESSING, INC. et al.*, Case No. 2:19-cv-03158-SVW(KSx).

4.2    Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

4.3    "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

4.4    Counsel: Outside Counsel of Record and House Counsel (as well as their support staff).

4.5    Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

4.6    Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery.

4.7    Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

///

4.8     House Counsel: attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

4.9     Non-Party: any natural person, partnership, corporation, association or other legal entity not named as a Party to this action.

4.10    Outside Counsel of Record: attorneys who are not employees of a party to this Action but are retained to represent a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm that has appeared on behalf of that party, and includes support staff.

4.11    Party: any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

4.12    Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

4.13    Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

4.14    Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

4.15    Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

5.      SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

1  Any use of Protected Material at trial shall be governed by the orders of the trial
2  judge and other applicable authorities. This Order does not govern the use of Protected
3  Material at trial.

4    6.    DURATION

5    Once a case proceeds to trial, information that was designated as
6  CONFIDENTIAL or maintained pursuant to this protective order used or introduced
7  as an exhibit at trial becomes public and will be presumptively available to all
8  members of the public, including the press, unless compelling reasons supported by
9  specific factual findings to proceed otherwise are made to the trial judge in advance of
10 the trial. See Kamakana, 447 F.3d at 1180-81 (distinguishing "good cause" showing
11 for sealing documents produced in discovery from "compelling reasons" standard
12 when merits-related documents are part of court record).

13   7.    DESIGNATING PROTECTED MATERIAL

14   7.1   Exercise of Restraint and Care in Designating Material for Protection.
15 Each Party or Non-Party that designates information or items for protection under this
16 Order must take care to limit any such designation to specific material that qualifies
17 under the appropriate standards. The Designating Party must designate for protection
18 only those parts of material, documents, items or oral or written communications that
19 qualify so that other portions of the material, documents, items or communications for
20 which protection is not warranted are not swept unjustifiably within the ambit of this
21 Order.

22   Mass, indiscriminate or routinized designations are prohibited. Designations
23 that are shown to be clearly unjustified or that have been made for an improper purpose
24 (e.g., to unnecessarily encumber the case development process or to impose
25 unnecessary expenses and burdens on other parties) may expose the Designating Party
26 to sanctions.

27   If it comes to a Designating Party's attention that information or items that it
28 designated for protection do not qualify for protection, that Designating Party must

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

- 6 -

promptly notify all other Parties that it is withdrawing the inapplicable designation.

7.2 <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order, or as otherwise stipulated or ordered, Disclosure of Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" (hereinafter "CONFIDENTIAL legend"), to each page that contains protected material. If only a portion of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL legend" to each page that contains Protected Material. If only a portion of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b) for testimony given in depositions that the Designating Party identifies the Disclosure or Discovery Material on the record, before the close of the deposition all protected testimony; and designate the entirety of the Testimony at the deposition as "CONFIDENTIAL" (before the deposition is concluded) with the right

to identify more specific portions of the Testimony as to which protection is sought within thirty (30) calendar days following receipt of the deposition transcript. In circumstances where portions of the deposition Testimony are designated for protection, the transcript pages containing "CONFIDENTIAL" Information may be separately bound by the court reporter, who must affix to the top of each page the legend "CONFIDENTIAL," as instructed by the Designating Party

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL." If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

7.3　Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

8.　CHALLENGING CONFIDENTIALITY DESIGNATIONS

8.1.　Timing of Challenges. Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

8.2　Meet and Confer. The Challenging Party shall initiate the dispute resolution process under Local Rule 37-1 et seq.

8.3 Joint Stipulation. Any challenge submitted to the Court shall be via a joint stipulation pursuant to Local Rule 37-2.

8.4 The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

### 9.   ACCESS TO AND USE OF PROTECTED MATERIAL

9.1 <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of section 15 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

9.2   <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the court and its personnel;

(e) court reporters and their staff;

(f) professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h) during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (1) the deposing party requests that the witness sign the form attached as Exhibit A hereto; and (2) they will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(i) any mediators or settlement officers and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

(j) any other person that the Designating Party agrees to in writing.

10. **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL," that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena

- 10 -

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected. If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

## 11.  A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a) The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2) promptly provide the Non-Party with a copy of the Stipulated

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

1  Protective Order in this Action, the relevant discovery request(s), and a reasonably

2  specific description of the information requested; and

3  (3) make the information requested available for inspection by the Non-

4  Party, if requested.

5  (c) If the Non-Party fails to seek a protective order from this court within

6  14 days of receiving the notice and accompanying information, the Receiving Party

7  may produce the Non-Party's confidential information responsive to the discovery

8  request. If the Non-Party timely seeks a protective order, the Receiving Party shall not

9  produce any information in its possession or control that is subject to the

10  confidentiality agreement with the Non-Party before a determination by the court.

11  Absent a court order to the contrary, the Non-Party shall bear the burden and expense

12  of seeking protection in this court of its Protected Material.

13  **12.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

14

15  If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed

16  Protected Material to any person or in any circumstance not authorized under this

17  Stipulated Protective Order, the Receiving Party must immediately (a) notify in

18  writing the Designating Party of the unauthorized disclosures, (b) use its best efforts

19  to retrieve all unauthorized copies of the Protected Material, (c) inform the person or

20  persons to whom unauthorized disclosures were made of all the terms of this Order,

21  and (d) request such person or persons to execute the "Acknowledgment an Agreement

22  to Be Bound" attached hereto as Exhibit A.

23  **13.   INADVERTENT PRODUCTION OF PRIVILEGED OR**
       **OTHERWISE PROTECTED MATERIAL**

24

25  When a Producing Party gives notice to Receiving Parties that certain

26  inadvertently produced material is subject to a claim of privilege or other protection,

27  the obligations of the Receiving Parties are those set forth in Federal Rule of Civil

28  Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

may be established in an e-discovery order that provides for production without prior privilege review.

The inadvertent production by any of the undersigned Parties or non-Parties to the Proceedings of any Document, Testimony or Information during discovery in this Proceeding without a "CONFIDENTIAL" designation, shall be without prejudice to any claim that such item is "CONFIDENTIAL" and such Party shall not be held to have waived any rights by such inadvertent production. In the event that any Document, Testimony or Information that is subject to a "CONFIDENTIAL" designation is inadvertently produced without such designation, the Party that inadvertently produced the document shall give written notice of such inadvertent production within twenty (20) calendar days of discovery of the inadvertent production, together with a further copy of the subject Document, Testimony or Information designated as "CONFIDENTIAL" (the "Inadvertent Production Notice"). Upon receipt of such Inadvertent Production Notice, the Party that received the inadvertently produced Document, Testimony or Information shall promptly destroy the inadvertently produced Document, Testimony or Information and all copies thereof, or, at the expense of the producing Party, return such together with all copies of such Document, Testimony or Information to counsel for the producing Party and shall retain only the "CONFIDENTIAL" designated Materials. Should the receiving Party choose to destroy such inadvertently produced Document, Testimony or Information, the receiving Party shall notify the producing Party in writing of such destruction within ten (10) calendar days of receipt of written notice of the inadvertent production. In the event that this provision conflicts with any applicable law regarding waiver of confidentiality through the inadvertent production of Documents, Testimony or Information, such law shall govern.

(a) The inadvertent production of documents by Designating Party subject to a legally recognized claim of privilege, including without limitation the

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

attorney-client privilege, and work-product doctrine, to a Receiving Party, shall in no way constitute the voluntary disclosure of such document, data or information.

(b) The inadvertent production of any document in this action shall not result in the waiver of any privilege, evidentiary protection, or other protection associated with such document as to the Receiving Party, or any third parties, and shall not result in any waiver, including subject matter waiver, of any kind.

(c) If, during the course of this action, a Party determines that any document produced by another party is on its face subject to a legally recognizable privilege or evidentiary protection, the Receiving Party shall: (a) refrain from reading the document any more closely than is necessary to ascertain that it is privileged; (b) immediately notify the Producing Party in writing that it has discovered documents believed to be privileged or protected; (c) specifically identify the documents by Bates number range or hash value range; and (d) where possible, return, sequester, or destroy all copies of such documents, along with any notes, abstracts or compilations of the content thereof within five (5) days of discovery by the Receiving Party. Where such documents cannot be destroyed or separated it shall not be reviewed, disclosed, or otherwise used by the Receiving Party. Notwithstanding, the Receiving Party is under no obligation to search or review the Producing Party's documents to identify potentially privileged or work product.

(d) If the Producing Party intends to assert a claim of privilege or other protection over documents identified by the Receiving Party, the Producing Party will, within five (5) business days of receiving the Receiving Party's written notification, inform the Receiving Party of such intention in writing and shall provide the Receiving Party with a log for such document data or information that is consistent with the requirements of the California Code of Civil Procedure and California Rules of Court, setting forth the basis for the claim of privilege or other protection, and in the event, if any portion of the document does not contain privileged or protected information, the Producing Party shall also provide to the Receiving Party a redacted copy of the

- 14 -

document that omits the information that the Producing Party believes is subject to a claim of privilege or other protection.

(e) If, during the course of this action, a Party determines that it has produced a document protected from discovery by a legally recognized claim of privilege or other protection, the Producing Party may notify the Receiving Party of such inadvertent production in writing, and demand the return of such documents. Such notice shall be in writing; however, it may be delivered orally on the record at a deposition, promptly followed up in writing. The Producing Party's written notice will identity the document, data and/or information inadvertently produced by bates number range or hash value range, the privilege or protection claimed, and the basis for the assertion of the privilege and shall provide the Receiving Party with a log for such document that is consistent with the requirements of the California Code of Civil Procedure and California Rules of Court, setting forth the basis for the claim of privilege or other protection, and in the event any portion of the document that does not contain privileged or protected information, the Producing Party shall also provide to the Receiving Party a redacted copy of the document that omits the information that the Producing Party believes is subject to a claim of privilege or other protection. After receiving such written notification, the Receiving Party must, within five (5) business days of receiving the written notification, return, sequester, or destroy the specified document and any copies, along with any notes, abstracts, or compilations of the content thereof.

(f) To the extent that an inadvertently produced document has been loaded into a litigation review database, the Producing Party can elect to either (i) have the document returned or destroyed via an extraction of the electronic copies from the database; or (ii) have the document disabled from further use or otherwise rendered inaccessible to the Receiving Party in the litigation review database. If the Producing Party selections option (i), it shall bear the costs of the return or destruction of such electronic copies.

1   (g) To the extent that the information contained in a document subject to
2   a claim of privilege or other protection has already been used in or described in other
3   documents generated or maintained by the Receiving Party, then the Receiving Party
4   will sequester such documents until the claim has been resolved. If the Receiving Party
5   disclosed the specified document before being notified of its inadvertent production,
6   it must take reasonable steps to retrieve it. The Producing Party shall preserve the
7   specified document until the claim is resolved.

8   (h) The Receiving Party's return, sequestering, or destruction of such
9   privileged or protected documents as provided herein will not act as a waiver of the
10  Requesting Party's right to move for the production of the returned, sequestered, or
11  destroyed documents on the ground that the documents are not, in fact, subject to a
12  viable claim of privilege or protection. However, the Receiving Party is prohibited and
13  estopped from arguing that the production of the documents in this matter acts as a
14  waiver of an applicable privilege or evidentiary protection, that the disclosure of the
15  documents was not inadvertent, that the Producing Party did not take reasonable steps
16  to prevent the disclosure of the privileged documents or that the Producing Party failed
17  to take reasonable or timely steps to rectify the error.

18  (i) Either party may submit the specified documents to the Judge for a
19  determination of the claim of privilege or other protection and will provide the Judge
20  with the grounds for the asserted privilege or protection. The Receiving Party may not
21  use the documents for any purpose absent the Judge's Order. Any party may request
22  expedited treatment of any request for the Judge's determination of the claim.

23  (j) Upon a determination by the Judge that the specified documents are
24  protected by the applicable privilege or evidentiary protection, and if the specified
25  documents have been sequestered rather than returned or destroyed, the specified
26  documents shall be returned or destroyed. The Judge may also order the identification
27  and/or review of documents that have been identified as being potentially subject to a
28  legally recognized claim by search terms or other means.

(k) Nothing contained herein is intended to, or shall serve to limit a Party's right and obligation to conduct a review of documents for relevance, responsiveness, or the segregation of privileged and/or protected information.

Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

## 14. OBJECTIONS

In the event that counsel for a Party receiving Documents, Testimony or Information in discovery designated as "Confidential" objects to such designation with respect to any or all of such items, said counsel shall advise counsel for the Designating Party, in writing, within thirty (30) calendar days of such objections, the specific Documents, Testimony or Information to which each objection pertains, and the specific reasons and support for such objections (the "Designation Objections"). Counsel for the Designating Party shall have thirty (30) calendar days from receipt of the written Designation Objections to either (a) agree in writing to de-designate Documents, Testimony or Information pursuant to any or all of the Designation Objections and/or (b) file a motion with the Judge seeking to uphold any or all designations on Documents, Testimony or Information addressed by the Designation Objections (the "Designation Motion"). Pending a resolution of the Designation Motion by the Judge, any and all existing designations on the Documents, Testimony or Information at issue in such Motion shall remain in place. The Designating Party shall have the burden on any Designation Motion of establishing the applicability of its "Confidential" designation. In the event that the Designation Objections are neither timely agreed to nor timely addressed in the Designation Motion, then such Documents, Testimony or Information shall be de-designated in accordance with the Designation Objection applicable to such material.

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

15. MISCELLANEOUS

15.1 <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

15.2 <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

15.3 <u>Filing Protected Material</u>. A Party that seeks to file under seal any Protected Material must comply with Local Civil Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material. If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

15.4 <u>No Prejudice or Admission</u>. Entering into, agreeing to, and/or complying with the terms of this Stipulation and Protective Order shall not: (1) operate as an admission by any person that any particular Document, Testimony or Information marked "CONFIDENTIAL" contains or reflects trade secrets, proprietary, confidential or competitively sensitive business, commercial, financial or personal information; or (2) prejudice in any way the right of any Party (or any other person subject to the terms of this Stipulation and Protective Order): (a) to seek a determination by the Judge of whether any particular CONFIDENTIAL Materials should be subject to protection as "CONFIDENTIAL" under the terms of this Stipulation and Protective Order; or (b) to seek relief from the Judge on appropriate notice to all other Parties to the Proceeding from any provision(s) of this Stipulation and Protective Order, either generally or as to any particular Document, Material or Information.

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

15.5 <u>Subpoenas</u>. If any person subject to this Stipulation and Protective Order who has custody of any Confidential Materials receives a subpoena or other process ("Subpoena") from any government or other person or entity demanding production of Confidential Materials, the recipient of the Subpoena shall promptly give notice of the same to the Designating Party within ten (10) calendar days by electronic mail transmission, followed by either express mail or overnight delivery to counsel of record for the Designating Party, and shall furnish such counsel with a copy of the Subpoena. Upon receipt of this notice, the Designating Party may, in its sole discretion and at its own cost, move to quash or limit the Subpoena, otherwise oppose production of the Confidential Material, and/or seek to obtain confidential treatment of such Confidential Materials from the subpoenaing person or entity to the fullest extent available under law. The recipient of the Subpoena may not produce any Documents, Testimony or Information pursuant to the Subpoena prior to the date specified for production on the Subpoena.

16.    FINAL DISPOSITION

After the final disposition of this Action, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda,

- 19 -

correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order.

    17.   VIOLATION

    Any violation of this Order may be punished by appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED: 5/31/2019                

Arthur M. Handel, Esq
Attorneys for Plaintiff,
SUSAN LAWS

DATED: 5/31/19             

Sherry, B. Shavit, Esq.
Attorneys for Defendant,
ADP, LLC, doing business in California as
AD PROCESSING, LLC (erroneously sued as
AUTOMATIC DATA PROCESSING, INC.)

FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

DATED: June 4, 2019

~~STEPHEN V. WILSON~~
~~United States District Judge~~

KAREN L. STEVENSON
U.S. MAGISTRATE JUDGE

- 20 -

## CERTIFICATION RE CONFIDENTIAL DISCOVERY MATERIALS

I hereby acknowledge that I, _____ [NAME], _____ [POSITION AND EMPLOYER], am about to receive Confidential Materials supplied in connection with the action, Case No. 2:19-cv-03158-SVW(KSx). I certify that I understand that the Confidential Materials are provided to me subject to the terms and restrictions of the Stipulation and Protective Order filed in this Proceeding. I have been given a copy of the Stipulation and Protective Order; I have read it, and I agree to be bound by its terms.

I understand that Confidential Materials, as defined in the Stipulation and Protective Order, including any notes or other records that may be made regarding any such materials, shall not be Disclosed to anyone except as expressly permitted by the Stipulation and Protective Order. I will not copy or use, except solely for the purposes of this Proceeding, any Confidential Materials obtained pursuant to this Protective Order, except as provided therein or otherwise ordered by the Judge in the Proceeding.

I further understand that I am to retain all copies of all Confidential Materials provided to me in the Proceeding in a secure manner, and that all copies of such Materials are to remain in my personal custody until termination of my participation in this Proceeding, whereupon the copies of such Materials will be returned to counsel who provided me with such Materials.

I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct. Executed this _____ day of _____, 20__, at _____.

BY: _____
Signature

_____
Title

_____
Address

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

City, State, Zip

Telephone Number

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

STIPULATION AND PROPOSED PROTECTIVE ORDER
Case No. 2:19-cv-03158-SVW(KSx)